**STATE ex rel. ISENSEE et al. v. SIMS et al. (No. 7818.)**

Court of Civil Appeals of Texas. San Antonio. Oct. 19, 1927.

Rehearing Denied Nov. 23, 1927.

Constitutional law ⟨⇐⟩290(3)—Waters and water courses ⟨⇐⟩182—Statute authorizing freshwater supply district without providing for hearing on boundaries and benefits, held to deny due process (Rev. St. 1925, art. 7881 et seq.; Const. U. S. Amend. 14).

Rev. St. 1925, art. 7881 et seq., authorizing organization of fresh-water supply districts on petition of landowning voters, *held* to violate due process clause of Const. U. S. Amend. 14, for failure to provide for a hearing of property owners on the questions of boundaries and benefits, and hence the district organization was illegal and void.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Quo warranto by the State of Texas, on the relation of T. H. Isensee and others, against Dee Sims and others, assailing the legality and validity of the Nueces County Fresh-Water Supply District No. 1. Judgment for respondents, and relators appeal. Reversed and rendered.

Linton S. Savage, B. D. Tarlton, Kleberg & North, and M. G. Eckhardt, Jr., all of Corpus Christi, for appellants.

Sidney P. Chandler and M. D. Brown, both of Corpus Christi, for appellees.

FLY, C. J. Appellants sought through a quo warranto proceeding to assail the legality and validity of the Nueces county fresh-water supply district No. 1, by reason of the unconstitutionality of chapter 4, tit. 73, art. 5107—180 et seq., Statutes 1920, providing for fresh-water supply districts, now chapter 4, tit. 128, art. 7881 et seq., Rev. Stats. 1925, under and by virtue of which statutes, set out in the Statutes of 1920, it was sought to organize and operate the district. The court rendered judgment in favor of the respondent, the appellee herein.

It appears that the questions involved in this case were passed upon in the case of Ball v. Merriman et al., 245 S. W. 1012, by the Court of Civil Appeals at Beaumont, in which the constitutionality of the act was upheld, and the judgment of the trial court was reversed and judgment rendered for the respondents. On January 21, 1923, a writ of error was granted by the Supreme Court, and on June 4, 1927, nearly 4½ years afterward, an opinion was delivered declaring the statute in question unconstitutional and void. In the meantime the act in question has been carried into and made a part of the Revised Statutes of 1925, and the Nueces county fresh-water supply district No. 1, and doubtless others, have been organized and operated under the act of 1919, which has been declared unconstitutional. State ex rel. Merriman v. Ball (Tex.) 296 S. W. 1085.

The Supreme Court stated:

"Fresh-water supply district No. 1 of Jefferson county was organized under chapter 48, Acts of the first and second called sessions of the 36th Legislature, and may be found by reference to arts. 5107—180 to 5107—266, Vernon's Complete Texas Statutes 1920."

The same question was raised in this case, and the essential facts herein are identical with those in the case cited, and the comments on those facts are applicable to the facts in this case. As in that case, the commissioners' court did not fix the boundaries or inquire into or attempt to consider testimony bearing upon the benefits to be derived by the owners of lands within the district. No provision is made for any such inquiry or action by the commissioners' court in the statute. The petitioners fixed the boundaries and determined the benefits, if any such determination was made. The Supreme Court said:

"Article 5107—185 prescribes what must appear or what must be found by the court before it orders an election to create the district. The court must find in favor of the petitioners for the establishment of the district 'according

to the boundaries as set forth in said petition.' If upon such hearing it be found that the petition (a) is signed by the requisite number of qualified voters of such proposed district, who own lands therein, and (b) that such petition conforms to the provisions of article 5107—181, supra, then they must order the election and take the necessary subsequent steps to bring about the submission of the question of its creation to the voters of the district, etc.

"Reading these several articles quoted and referred to, it is plain, we think, that the question of the boundaries of the district is confided solely to those who sign the petition for its creation, and that no discretion or power is lodged in the commissioners' court to determine or fix these boundaries, or to pass upon the question of benefits to the lands to be embraced in the district. In other words, the statute plainly fails to provide for a hearing on the question of the boundaries of the district and on the question of benefits to the lands included in it. We may say that the statute here under review, providing for the organization of fresh-water supply districts, in failing to provide for a hearing on the question of benefits and in requiring the commissioners' court to grant the petition for an election 'according to the boundaries set forth in said petition,' is sui generis among the Texas water, reclamation, drainage and navigation laws. All other district laws, in so far as called to our notice, use language intended to confer power on the statutory agency selected to hear and determine questions of boundary and benefits."

It was held that, in cases where a district is not created by the Legislature but by a district to whom the Legislature has granted such power, it is essential to due process of law that a hearing be had upon the question of benefits and as to what lands shall be included within the boundaries of the district. Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, by the Supreme Court of the United States, is cited with approval, and the following quotation from the opinion made:

"But it is essential to due process of law that such owners be given notice and opportunity to be heard on that question where, as here, the district was not created by the Legislature, and there has been no legislative determination that their property will be benefited by the local improvement. Appellants were denied all opportunity to be heard. No officer or tribunal was empowered by the law of the state to hear them or to consider and determine whether the road improvements in question would benefit their lands. The act is repugnant to the due process clause of the Fourteenth Amendment."

The Supreme Court of Texas held the act of 1919 as to fresh-water supply districts unconstitutional.

Following that decision this court reverses the judgment of the district court, and it is the judgment of this court that, as by relators prayed for in their petition, fresh-water supply district No. 1 of Nueces county be declared an illegal and void organization, and that the appellees pay all costs in this behalf expended.

Reversed and rendered.

## On Motion for Rehearing.

This court had no authority to pass upon the scope and effect of Acts of the Fortieth Legislature, pp. 165 to 170, General and Special, of Called Session, which seeks to validate the 1919 statute, and our intention was and is to hold that the act of 1919, as to fresh-water supply districts, is, under the ruling of the Supreme Court, unconstitutional, and consequently that the organization of the fresh-water supply district under that law was null and void. We deem this explanation necessary so as to cast no doubt on any reorganization of the district under the validation act of 1927.

The motion for rehearing is overruled.